Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001067
29-JAN-2016
08:41 AM

NO. CAAP-14-0001067

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JESSE A. OHASHI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO. 3DCW-13-0003136)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Jesse A. Ohashi (Ohashi) appeals from a Notice of Entry of Judgment and/or Order (Judgment), entered on July 25, 2014, in the District Court of the Third Circuit, Kona Division (District Court).[1] The District Court found that Ohashi committed one count each of Disorderly Conduct, in violation of Hawaii Revised Statutes (HRS) § 711-1101(1) and (3) (2014); Criminal Property Damage in the Third Degree, in violation of HRS § 708-822(1)(b) (2014); and Abuse of Family or Household Member, in violation of HRS § 709-906(1) (2014).

Ohashi argues that the District Court erred when it denied his "Motion to Dismiss for Violation of [Hawai'i Rules of Penal Procedure] Rule 48" (Rule 48 Motion) because thirty-five days were not excludable and should have been charged against Plaintiff-Appellee State of Hawai'i (State). The State concedes that the District Court erred, not because Rule 48 was violated, but because the District Court erroneously failed to issue findings of fact. The State argues that the Judgment should be

---

[1] The Honorable Diana L. Van De Car presided.

vacated and the case remanded for a determination of the Distrit Court's basis for denying the Rule 48 Motion.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Ohashi's points of error as follows.

Notwithstanding the State's concession that the Judgment should be vacated, "appellate courts have an independent duty 'first to ascertain that the confession of error is supported by the record and well-founded in law and second to determine that such error is properly preserved and prejudicial.'" State v. Veikoso, 102 Hawai'i 219, 221-22, 74 P.3d 575, 577-78 (2003) (quoting State v. Hoang, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000)). In other words, the State's concession of error "is not binding upon an appellate court[.]" Hoang, 93 Hawai'i at 336, 3 P.3d at 502 (quoting Territory v. Kogami, 37 Haw. 174, 175 (Haw. Terr. 1945)) (internal quotation marks omitted).

In State v. Hutch, 75 Haw. 307, 331, 861 P.2d 11, 23 (1993), the Hawai'i Supreme Court held it was reversible error for a trial court to deny a Rule 48 motion without stating, on the record, the essential findings of fact that form the basis for the denial of the motion, as required by Hawai'i Rules of Penal Procedure (HRPP) Rule 12(e). The supreme court stated:

> [b]ecause findings of fact are imperative for an adequate judicial review of a lower court's conclusions of law, we have held that cases will be remanded when the factual basis of the lower court's ruling cannot be determined from the record.

Id. (internal quotation marks, ellipsis, and brackets omitted).

Here, we are unable to determine the merits of Ohashi's Rule 48 Motion because, despite there being a dispute regarding the facts in this case, the District Court failed to state, on the record, the factual basis for its denial.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order, entered on July 25, 2014, in the District Court of the Third Circuit, Kona Division is vacated and the case is remanded for entry of a written order on Ohashi's

2

Rule 48 Motion, along with appropriate HRPP Rule 12(e) findings of fact and conclusions of law that meet the requirements of Hutch.

DATED: Honolulu, Hawai'i, January 29, 2016.

On the briefs:

Elika O. Stimpson,
Deputy Public Defender,
for Defendant-Appellant.

Jason R. Kwiat,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge